## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY SPATAFORE,** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SUGARHOUSE HSP GAMING, L.P.,** | : | **NO. 23-CV-03611** |
| *Defendant.* | : | |

### MEMORANDUM

**KENNEY, J.**                                                          **JUNE 11, 2024**

      Plaintiff Gary Spatafore brings claims of employment discrimination on the basis of age and disability, as well as claims of retaliation, against Defendant Sugarhouse HSP Gaming, L.P., a casino in Philadelphia. Defendant now moves for Summary Judgment (ECF No. 20). For the reasons discussed below, the Court grants summary judgment on Plaintiff's federal age discrimination claims in Counts I and III and, declining to exercise supplemental jurisdiction under 28 U.S.C. § 1367, remands the remaining state claims of discrimination and retaliation to the place of original filing.

### I.        BACKGROUND AND PROCEDURAL HISTORY

      This case concerns claims of discrimination on the basis of age and disability. *See* ECF No. 2.  Plaintiff alleges that, at as a Facilities Shift Manager employed by Defendant, he was denied two promotions to the position of Facilities Manager, as well as pay increases because of his age and cardiac disability. *Id.* at ¶¶ 32-58. He also alleges that Defendant failed to adjust his schedule to accommodate his disability. *Id.* at ¶¶ 59-72. He further alleges that Defendant engaged in acts of retaliation after he filed two separate complaints with the Pennsylvania Human Rights Commission ("PHRC"). *Id.* at ¶¶ 73-76. Plaintiff seeks damages for pain and suffering and lost wages. *Id.* at ¶¶ 77-78

Plaintiff commenced this action in the Court of Common Pleas of Philadelphia County on

August 17, 2023, bringing the following claims:

- Count I – Age Discrimination pursuant to 43 P.S. 951, et seq. (the Pennsylvania Human Relations Act or "PHRA") and 29 U.S.C. § 621, et seq. (the "Age Discrimination in Employment Act" or "ADEA");

- Count II – Disability Discrimination pursuant to the PHRA;

- Count III – Age Discrimination pursuant to the PHRA, the ADEA, and a violation of 42 U.S.C. § 12101 (the "Americans with Disabilities Act" or "ADA");

- Count IV – Failure to Accommodate pursuant to the PHRA; and

-  Count V – Retaliation pursuant to the PHRA.

ECF No. 2, Ex. A. Of the five counts, Counts I and III raise claims under federal law. Citing

federal question jurisdiction under 28 U.S.C. § 1331, Defendant thus removed the case to the U.S.

District Court. ECF No. 2.

Defendant now moves for summary judgment on the following grounds: (1) several of

Plaintiff's claims are time-barred and (2) Plaintiff's age, disability, failure to accommodate, and

retaliation claims fail as a matter of law. ECF No. 20. Defendant filed a Brief in Opposition (ECF

No. 21) and a Sur Reply Brief (ECF No. 24). Upon review of the parties' briefs, the Court finds

that Defendant has successfully identified two fatal defects in Plaintiff's pleadings, either of which

warrant dismissal of Plaintiff's federal claims and remand of the remaining state claims: (1)

Plaintiff's federal claims in Counts I and III are time-barred and (2) Plaintiff has waived his federal

claims because he has not addressed the legal substance of those claims. These defects result in

the Court dismissing claims over which it has original jurisdiction, and the Court declines to

exercise supplemental jurisdiction over the remaining state claims. Because these defects mandate

dismissal of the federal claims as a threshold matter, this memo will not engage in a detailed

analysis of the material facts here.

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Facts that could affect the outcome are 'material facts,' and a dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party." *Lamont v. N.J.*, 637 F.3d 177, 181 (3d Cir. 2011) (relying on *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The party moving for summary judgment has the initial burden "of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

Once the moving party has met this burden, the non-moving party must counter with "'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted); *see also* Fed. R. Civ. P. 56(c). The non-movant must show more than the "mere existence of a scintilla of evidence" for elements on which the non-movant bears the burden of production. *Anderson*, 477 U.S. at 252. The non-movant opposing a motion for summary judgment may not "rely merely upon bare assertions, conclusory allegations or suspicions." *See Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982). If the nonmoving party fails to show a genuine dispute of material facts "essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment is appropriate. *Celotex Corp.*, 477 U.S. at 322.

## III.     DISCUSSION

Defendant moves for summary judgment on the following grounds: (1) several of

Plaintiff's claims are time-barred and (2) Plaintiff's age, disability, failure to accommodate disability, and retaliation claims fail as a matter of law. With respect to Plaintiff's federal claims, Plaintiff asserts in his Motion for Summary Judgment that Plaintiff's ADEA claims in Count I – failure to promote based on age – and Count III – failure to provide an equal pay raise because of age – are time-barred.[1] ECF No. 20 at 6. Defendant contends that Plaintiff's age discrimination claims are waived as a matter of law because Plaintiff's Opposition Brief is completely devoid of any response to Defendant's argument that these claims are time-barred. ECF No. 22 at 8. In fact, both Plaintiff's Opposition Brief (ECF No. 21) and his Sur Reply Brief (ECF No. 24) make no response whatsoever to any of Defendant's attacks on his discrimination claims. Thus, finding no genuine dispute of material fact on these two points, the Court grants summary judgment on the federal ADEA claims in Counts I and III and declines to exercise supplemental jurisdiction over the remaining state claims.

**A. Plaintiff's claim that he was denied promotions because of his age, in violation of the ADEA (Count I) and Plaintiff's claim that he was discriminated against because of his age, in violation of the ADEA and ADA (Count III) are time-barred.**

In Count I, Plaintiff alleges that Defendant failed to promote him in 2018 and then again in 2019 because of his age, in violation of the ADEA. ECF No. 2, Ex. A. In Count III, Plaintiff alleges that he did not receive a pay raise equal to that of his colleagues because of his age, in violation of the ADEA. *Id.* Defendant asserts that all federal claims arising from Counts I and Count III are time-barred because Plaintiff did not timely file suit. The Court agrees that no genuine issue of material fact exists with respect to the untimeliness of Plaintiff's federal claims in Counts

---

[1]  Plaintiff brings Count III also under the Americans with Disabilities Act (ADA), but there is no basis for bringing an age discrimination claim under the ADA. The Court will assume this was done in error.

In addition, Defendant states that Plaintiff brings Count II – failure to promote based on disability – under the ADA, ECF No. 20 at 6, but the Complaint shows that this Count is brought only under the PHRA, ECF No. 2, Ex. A at ¶¶ 36-44.

I and III and grants summary judgment on these counts.

A plaintiff initiating an employment discrimination suit must first exhaust all administrative remedies by filing a complaint with the PHRC within 180 days of the adverse employment act, 43 P.S. §§ 959(h), 962(b), or by filing a charge with the Equal Employment Opportunity Commission ("EEOC") within 300 days, 42 U.S.C. § 2000e-5(e)(1). If the EEOC does not pursue the charge, a complainant has ninety days to file any federal claims of discrimination in state or federal court. 42 U.S.C. § 2000e-5(f)(1); *see also Burgh v. Borough Council of Borough of Montrose*, 251 F.3d 465, 470 (3d. Cir. 2001) (noting that a complainant must file a private action within 90 days of the EEOC's decision not to pursue the administrative charge).

Here, Plaintiff filed a questionnaire/complaint with the PHRC on September 27, 2019, alleging that he applied for the Facilities Manager position in 2018 and again in January 2019, and was treated differently than those hired in both instances because of his age and cardiac disability.[2] ECF No. 19, Ex. S. Count I here incorporates these same allegations, but only with respect to age discrimination in violation of the ADEA. ECF No. 2 ¶¶ 32-25. In Plaintiff's amended PHRC complaint, ECF No. 19, Ex. T, he lays out the allegations now incorporated in Count III – that despite his superior performance, he was not provided a pay increase equal to that of his colleagues because of his age, ECF No. 2 ¶¶ 45-58.

On August 19, 2021, the PHRC issued a letter finding no probable cause of discrimination with respect to either the 2019 failure-to-promote claim or the pay-increase claim.[3] *Id.*, Ex. V. The

---

[2] Defendant asserts that any claims arising from 2018 hiring events are time-barred under the PHRA. However, even if they were timely under the PHRA, Plaintiff did not timely pursue these claims under federal law, for the reasons discussed herein.

[3] The PHRC's letter does not reference Plaintiff's allegations stemming from hiring events in 2018.

EEOC adopted the PHRC's findings and issued its Right to Sue letter on October 18, 2021; Plaintiff then had ninety days to file any claims under federal law in state or federal court. *Id.*, Ex. W. Plaintiff took no court action until the filing of his Complaint in the Court of Common Pleas of Philadelphia County on August 17, 2023 – nearly two years after the EEOC issued its Right to Sue letter with respect to Plaintiff's allegations pled in Counts I and III.[4] ECF No. 2, Ex. A. Accordingly, Plaintiff's ADEA claims in Count I and his ADEA (and ADA) claim in Count III are time-barred. *See Wolfgramm v. Commc'n Workers of Am. Local 13301*, 525 F. Supp. 3d 556, 561 (E.D. Pa. 2021) ("Courts in this circuit have routinely dismissed discrimination claims based on a plaintiff's failure to file within 90 days after receiving a right to sue notice from the EEOC.").

**B. Plaintiff's ADEA discrimination claims in Counts I and III are waived.**

Notwithstanding the Court's finding that Plaintiff's ADEA claims in Count I (failure to promote) and III (unequal wage-increase) are time-barred, Defendant asserts Plaintiff has waived them because he fails to address Defendant's attacks on these claims. Defendant's Motion for Summary Judgment analyzes the legal merits of Plaintiff's age discrimination claims in considerable depth. *See*, e.g., ECF No. 20-2 at 6-12. Defendant argues, for example, that Plaintiff's age discrimination claims fail as a matter of law because (a) Plaintiff cannot establish a prima facie case of age discrimination with respect to his wage-increase claim; (b) Defendant had a legitimate, non-discriminatory reason as to why Plaintiff received a lower pay raise; (c) Plaintiff cannot establish that Defendant's reason for a lower pay raise is pretext for age discrimination; (d) Plaintiff cannot show that "but for" his age, he would have been promoted in 2018; and (e) Plaintiff cannot show that Defendant's reason for not promoting him in 2019 is pretext for age discrimination. *Id.*

---

[4] Plaintiff filed a second complaint with the PHRC on or around December 23, 2021, in which he alleged that Defendant was not accommodating his disability, starting in February of that year. ECF No. 19, Ex. X.

In response to these well-developed arguments that draw heavily from the evidentiary record, Plaintiff says nothing whatsoever to support his age discrimination claims. Under Fed. R. Civ. P. 56(e), if a party fails to properly address another party's assertion of fact in a motion for summary judgment, the court may consider the fact undisputed for the purposes of the motion, or grant summary judgment if the motion and supporting material show that the movant is entitled to it. "[W]hen a plaintiff responds to a defendant's summary judgment motion but fails to address the substance of any challenge to particular claims, that failure constitutes an abandonment of those causes of action and essentially acts as a waiver of th[o]se issues." *Campbell v. Jefferson Univ. Physicians*, 22 F. Supp. 3d 478, 487 (E.D. Pa. 2014) (internal quotation marks omitted) (finding that because plaintiff failed to address defendant's retaliation argument in her response, she failed to meet her burden of identifying specific facts to show a genuine issue as to any retaliation claim); *see also Jefferies v. City of Phila.*, No. 21-3220, 2023 WL 4764674, at *2 n.5 (E.D. Pa. July 26, 2023) (deeming Plaintiff's PHRA claims as waived because Plaintiff did not address Defendant's arguments in her response in opposition).

Here, Plaintiff's briefs are completely devoid of any facts showing a genuine dispute of material facts essential to his age discrimination claims, the proof of which he would bear the burden at trial. Plaintiff's Brief in Opposition (ECF No. 21) makes six discrete counterpoints, all of which focus on his various disability and retaliation claims, not his age claims. In fact, Plaintiff does not reference the ADEA or the term "age discrimination" once in his brief. He mentions the word "age" just once, but only to acknowledge – not to dispute – Defendant's argument that Plaintiff has not established a prima facie case of discrimination. ECF No. 21 at 7-8. Similarly, Plaintiff's Sur Reply Brief (ECF No. 24) says nothing about his age discrimination claims or Defendant's newly raised assertion that these claims are now waived. Simply put, the Court is left

empty-handed in its search for a genuine dispute of material facts regarding Plaintiff's age discrimination claims. Summary judgment is thus appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322 (1986).

### C. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining PHRA claims.

As discussed, Plaintiff brings only Counts I and III under federal law. At the outset of this action, Defendant properly removed the case to the U.S. district court pursuant to federal question jurisdiction. *See* 28 U.S.C. § 1331; ECF No. 2. The Court then exercised supplemental jurisdiction over the action's PHRA state claims because they formed part of "the same case or controversy" as the federal claims. *See* 28 U.S.C. § 1367(a); ECF No. 2.

Now that the Court is dismissing Counts I and III – the only claims over which the Court has original jurisdiction – the Court may decline to exercise supplemental jurisdiction over the pendant state PHRA claims, as permitted by 28 U.S.C. § 1367(c)(3).[5] "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). Notably, when a district court declines to exercise supplemental jurisdiction and remands claims to state court, the remand order is not based on a "jurisdictional defect but on [the court's] discretionary choice not to hear the claims despite its subject matter jurisdiction over them." *Id.* at 640 (citing *Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)). In the Third Circuit, "absent extraordinary circumstances," "jurisdiction [over claims based on state law] should be declined where the federal claims are no longer viable." *Greco v. Senchak*, 627 Fed.

---

[5] 28 U.S.C. § 1367(c)(3) states as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim … if … the district court has dismissed all claims over which it has original jurisdiction."

App'x 146, 151 (3d Cir. 2015) (quoting *Shaffer v. Bd. of Sch. Dirs. of Albert Gallatin Area Sch. Dist.*, 730 F.2d 910, 912 (3d Cir. 1984)).

Here, having dismissed all claims over which the Court had original jurisdiction, the Court has met the prerequisites for declining to exercise supplemental jurisdiction under § 1367(c)(3). Accordingly, all remaining state PHRA claims in this action are remanded to the place of original filing.

IV.    **CONCLUSION**

For the reasons stated above, the Court grants summary judgment on Plaintiff's ADEA claims in Counts I and III. All remaining state PHRA claims are remanded to the place of original filing. An appropriate order will follow.

BY THE COURT:

 /s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**